KRAUSE v. JARKOW.

(Supreme Court, Appellate Term, First Department.   October 17, 1916.)

PLEADING ⬸318(2)—BILL OF PARTICULARS—WHEN ALLOWABLE.

 In suit for breach of employment contract defended on the ground that plaintiff was insubordinate and did not observe the regular hours of employment, he is entitled to bill of particulars showing when he came late to work, how late he was, and on what occasions he was insubordinate.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 968, 969; Dec. Dig. ⬸318(2).]

Appeal from City Court of New York, Special Term.

Action by Albert Krause against Jacob S. Jarkow. From an order denying motion for bill of particulars, plaintiff appeals. Modified and affirmed.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Morris Cukor, of New York City, for appellant.

Leon Sanders, of New York City (Jacob Zelenko, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sues for breach of a written contract of employment.   The answer admits the making of the written contract, and, by way of separate defense, pleads that the plaintiff did not observe the regular hours of employment and was insubordinate.   The bill of particulars, although somewhat inartificially drawn, asks for particulars as to:

1. When and where the plaintiff agreed to commence work at 8 a. m. (as alleged in the answer).   What were the particular days at which he started to work at a later hour, and what was such later hour?

To that extent it seems plain that particulars should be furnished to enable the plaintiff to prepare to meet defendant's allegation.

The further request for the particular times and places and respects in which plaintiff was insubordinate and refused to obey directions with the date of the incidents is also proper.

Order modified by requiring the defendant to furnish a bill of particulars stating when and where did the plaintiff agree to commence work at 8 a. m., what were the particular days at which he started to work at a later hour, and what was such later hour, at what particular times and places and in what particular respect was the plaintiff insubordinate and refused to obey directions; and, as so modified, affirmed, without costs but with disbursements to appellant. All concur.